JONES, JUDGE:
Nothing is very certain about this claim, including the date of the occurrence giving rise to it. Some time in December 1967 or January 1968, the State Road Commission caused several railroad oars, perhaps five, loaded with gravel, to be placed on a sidetrack in front of the claimant’s residence. The dwelling house was set back about twelve feet from the closest rail of the siding. Unloading gravel from cars on this siding was a customary procedure, but on this occasion, the *29 gravel was frozen and in trying to thaw the material, fires were started under the cars in buckets containing sticks and oil. The claimant contends that the fires produced a great quantity of heavy black smoke which soiled the outside of his house, killed a pine tree and three rose bushes, filled the interior of the house and permeated everything in it, leaving a greasy substance on clothing, furnishings, appliances and equipment.
According to the testimony of the claimant, he did not point out any specific damage to any of the State Road Commission personnel on the job, but on the same day he went to Webster Springs and complained to his attorney. Photographs showing the exterior of the claimant’s dwelling were introduced in evidence by the State Road Commission, but apparently no other investigation of the claim or appraisal of the alleged damages was made. Only one State Road Commission employee testified and while he confirmed the setting of the fires and the fact that smoke did enter the house, he was extremely vague as to damages, although he visited with the claimant inside the house during the time in question. This witness testified that there was “some smoke” in the house but he could not remember any specific evidence of damages.
The claimant listed items of damages totaling $1,513.80, including fifteen pairs of pants, valued by him at $60.00, thirty men’s shirts at $119.40, sheetrock in three rooms at $150.00, two living room suites at $300.00, rugs, curtains, mattresses, blankets, labor in cleaning the. house, two television sets and other furniture, and other miscellaneous items. More often than not, the claimant improperly claimed replacement values as the measure of his damages, and by any measure many of his figures appeared to be exaggerated.
The Court is of opinion that the State Road Commission employees were negligent in setting these fires so close to the claimant’s residence and that the claimant is entitled to some compensation. The proof of damages is very unsatisfactory and a precise judgment in that regard is impossible. However, the Court has endeavored to reach a fair result and accordingly finds that the claimant is entitled to recover; and the claimant, Howard Arbogast, is hereby awarded the sum of $300.00.